**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALFRED HALL,

       Plaintiff,

CASE NO. 08-10884
HON. LAWRENCE P. ZATKOFF
MAG. DONALD A. SCHEER

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 24, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff filed the instant action seeking Social Security disability insurance benefits. This matter currently comes before the Court on Magistrate Judge Scheer's report and recommendation of September 25, 2008, in which the Magistrate Judge recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. Plaintiff has filed objections to the Magistrate's report and recommendation, and Defendant has responded to those objections. The Court has thoroughly reviewed the transcript, the respective parties' briefs in support, and the report and recommendation. For the reasons discussed below, the Court does not adopt Magistrate Scheer's report and recommendation. Both motions for summary judgment are DENIED, and the matter is REMANDED for further administrative proceedings consistent with this opinion.

Also before the Court are two show-cause orders that the Court issued on November 6, 2008. In the show-cause order directed at Plaintiff, the Court asked Plaintiff to explain "how the administrative law judge committed a procedural error with respect to [Social Security Ruling] 96-7p." Plaintiff submitted a timely response but did not even mention or reference the very Social Security Ruling about which the Court inquired. Although Plaintiff failed to comply with the Court's order, the Court is nonetheless satisfied that remand is appropriate in this matter for reasons unrelated to Ruling 96-7p. Therefore, the Court WITHDRAWS its November 6, 2008, order to show cause [dkt 17].

In the Court's show-cause order to Defendant, the Court ordered Defendant to explain "the law authorizing the procedure of transferring a case to a different administrative law judge ("ALJ") without providing for a new hearing." Defendant submitted a timely response in which he provides the authority permitting transferral from one ALJ to another. Therefore, the Court also WITHDRAWS its November 6, 2008, order to show cause [dkt 18].

## II. BACKGROUND

The full facts of Plaintiff's case are adequately and thoroughly set forth in Magistrate Scheer's report and recommendation [dkt 14]. Nonetheless, the Court recounts here some of this case's background in order to frame the matter in its proper procedural context. Plaintiff previously worked in the hand-glove industry as a laborer and supervisor until he allegedly became disabled on August 1, 2002, as a result of severe back pain, sleep apnea, hypertension, diabetes, chronic sinusitis, and periodic chest pain.

On June 1, 2004, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Plaintiff's claim was denied at the initial state agency level after which he requested

a hearing before an ALJ. ALJ Dennis Bennett conducted the hearing by way of video conferencing on August 21, 2006. Plaintiff proceeded at the hearing without counsel despite being advised of his rights in that regard. Plaintiff and his sister were the only individuals who testified at the hearing. Apparently as a result of ALJ Bennett's health, Plaintiff's case was then transferred from ALJ Bennett to ALJ James Goodman on May 23, 2007. ALJ Goodman solicited the opinion of a medical expert through written interrogatories. ALJ Goodman then issued a decision on June 27, 2007, concluding that Plaintiff did not suffer from a disability as defined by the Social Security Act. The Appeals Council declined Plaintiff's request for review of the ALJ's decision. Plaintiff then filed suit in this Court for review of the ALJ's final decision.

### III. LEGAL STANDARD

The Court examines the ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

### IV. ANALYSIS

Plaintiff's hearing occurred on August 21, 2006, in front of ALJ Bennett. At that hearing, only Plaintiff and his sister testified. Notably, no vocational expert testified at Plaintiff's hearing. A different ALJ issued the ultimate decision on Plaintiff's case in June of the following year without

3

conducting a new hearing. Transferring a case from one ALJ to another is governed by the Office of Disability Adjudication and Review's Hearing, Appeal and Litigation Law Manual (commonly referred to as HALLEX). Volume I, Chapter and Section I-2-8-40 of HALLEX authorizes the practice of transferring a case from one ALJ to another when the ALJ who conducted the hearing "is not available to issue the decision because of death, retirement, resignation, illness which has caused the ALJ to be on leave for such illness for at least twenty days and which illness would keep the ALJ from fulfilling necessary duties, or other cause." That same section gives the ALJ discretion to determine whether another hearing is required but states explicitly that "[i]f the ALJ is prepared to issue a less than fully favorable decision, another hearing may be necessary. For example, another hearing would be necessary if relevant vocational expert opinion was not obtained at the hearing."

ALJ Goodman concluded that the "claimant is capable of performing a full range of medium work . . . [and] is capable of performing past relevant work as a laborer and supervisor in the glove business." These conclusions were based in large part on the responses Dr. Alpern provided to ALJ Goodman's written interrogatories. ALJ Goodman rendered an unfavorable decision from Plaintiff's perspective and specifically found that Plaintiff could perform his past relevant work without the benefit of vocational expert testimony. The very HALLEX provision that authorizes transfer from one ALJ to another notes that, under such circumstances, "another hearing *would be necessary* if relevant vocational expert opinion was not obtained at the hearing." (emphasis supplied). HALLEX outlines the circumstances under which an ALJ may need to obtain the testimony of a vocational expert, including when "the ALJ is determining whether the claimant's impairment(s) prevents the performance of past relevant work." I-2-5-50. Taking these HALLEX provisions together, the

4

Court finds that Plaintiff was entitled to a new hearing after his case was transferred to ALJ Goodman.

## V. CONCLUSION

Both parties' motions for summary judgment are DENIED. The case is REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: November 24, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 24, 2008.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290